Filed 4/19/16  P. v. McCarty CA3

Reposted 5/26/16 to provide the correct docket number

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078172 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM038595, CM040871) |
| v. | |
| KENNETH GERALD MCCARTY, JR., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In case No. CM038595, a first amended information filed December 4, 2013, charged defendant Kenneth Gerald McCarty, Jr., with domestic violence (count 1; Pen. Code, § 273.5, subd. (a)).[1]  The information alleged that defendant personally inflicted

_____

[1] Undesignated statutory references are to the Penal Code.

1

great bodily injury (§ 12022.7, subd. (e)), making the crime a serious and violent felony, and that he had suffered a prior serious felony (§ 667, subd. (a)), two prior strikes (§ 667, subd. (d)), and two prior prison terms (§ 667.5, subd. (b)).

In case No. CM040871, an information charged defendant with vandalizing the county jail (§ 4600, subd. (a)).

On October 7, 2014, a jury convicted defendant of domestic violence in case No. CM038595 and found the great bodily injury enhancement true. In a bifurcated proceeding, the trial court found all the allegations as to defendant's prior record true.

On October 30, 2014, defendant pleaded no contest to the charge in case No. CM040871.

The evidence at trial in case No. CM038595 showed that on April 21, 2013, defendant hit his wife, Jeri M., in the jaw, breaking it.

The probation report in case No. CM040871, to which the parties stipulated as a factual basis for defendant's plea, showed that on February 6, 2014, while defendant was incarcerated in Butte County Jail, he threw three bags of feces at the jail walls, which required a biohazard cleanup.

After denying defendant's request to strike his strike priors, the trial court imposed a consolidated sentence of 39 years to life in state prison, computed as follows: in case No. CM038595, 25 years to life on count 1, plus five years for the great bodily injury enhancement, five years for the prior serious felony, and one year for the prior prison term; in case No. CM040871, three years (the upper term), consecutive to the sentence in the other case. The court awarded defendant 414 days of presentence custody credit, erroneously reflected in the abstract of judgment as 338 actual days and 50 conduct days,[2] in case No. CM038595, and 262 days of presentence custody credit (228 actual

---

[2]  The probation officer stated that defendant was entitled to 338 days of "local time" and 26 days of "state time," along with 50 days of conduct time, which adds up to 414 days. The court ordered credits "as recited by the probation officer." However, in preparing the

days and 34 conduct days) in case No. CM040871. The court subsequently modified the award of credits in case No. CM038595 to 416 total days (350 actual days, 52 conduct days, and 14 state time days).

In case No. CM038595, the trial court imposed a $280 restitution fine and a $280 suspended parole revocation restitution fine (§§ 1202.4, subd. (b), 1202.45); the court also ordered victim restitution to Jeri M. in an amount to be determined. The court also imposed a $250 domestic violence program fee (§ 1463.27).

In case No. CM040871, the trial court imposed a $300 restitution fine and a $300 suspended parole revocation restitution fine, and ordered victim restitution to the Butte County Sheriff's Department in the amount of $4,851.21.

In both cases, the trial court imposed a $40 court security fee (§ 1465.8) and a $30 conviction assessment fee (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note, however, that the abstract of judgment in case No. CM040871 fails to reflect the trial court's victim restitution award to the Butte County Sheriff's Department, instead erroneously stating that the amount of the award remains to be determined. The

_____

abstract of judgment, the clerk inadvertently omitted the 26 days of state time from the actual days awarded.

3

court is directed to order the preparation of a corrected abstract of judgment that shows this victim restitution award.

DISPOSITION

The judgment is affirmed.  The matter is remanded to the trial court with directions to order the preparation of a corrected abstract of judgment that shows the order of victim restitution to the Butte County Sheriff's Department in the amount of $4,851.21, and to furnish a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

       HULL       , Acting P. J.

We concur:

     BUTZ    , J.

     DUARTE   , J.